# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HALL,<br><br>       Petitioner,<br><br>    v.<br><br>CAPTAIN LAWSON,<br><br>       Respondent. | Case No. ED CV 15-1071 GHK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rule of Civil Procedure 41.

\* \* \*

This is a state habeas action. Petitioner pled guilty in state court in 2011 to a charge of possessing marijuana while in custody. The state court sentenced him to a term of 44 months in prison. Petitioner's sole claim in his federal habeas petition is that he was "kept 31 day[s] past my release date" on that drug charge in 2014. (Docket # 1 at 5.)

Petitioner filed this federal action in June 2015 seeking relief under 28 U.S.C. § 2254. It appears from the pleading that Petitioner did not present his claim to any state court before filing in federal court. (Id. at 3, 5.) Additionally, based on other materials that Petitioner submitted with the petition (IFP request form and statement of consent), Petitioner apparently was released from prison in late 2014 and was not in custody when he commenced the federal action. (Docket # 1 at 9, 11.)

Magistrate Judge Wilner issued an order after preliminary review of the petition. (Docket # 4.) Judge Wilner explained, among other things, the federal statutory requirement [28 U.S.C. §§ 2241, 2254] that Petitioner be "in custody" at the time he filed for habeas relief. The Court also explained the requirement that Petitioner present and exhaust his claim in state court before seeking federal habeas relief. (Id. at 1-2.) Judge Wilner gave Petitioner an opportunity to submit a supplemental statement explaining how his claim "was properly exhausted in state court and is not moot based on his release from custody last year." (Id. at 2.)

Petitioner did not respond to the Court's order. Additionally, the U.S. Postal Service returned as undeliverable mail that the Court sent to Petitioner at several different addresses. (Docket # 5, 7, 8.)

\* \* \*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss the action without ordering service on or receiving a request from the responding party. 28 U.S.C. § 2243; Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Petitioner's current habeas filing is subject to summary dismissal. Federal habeas relief is only available when a person is "in custody" pursuant to a state court judgment in violation of federal law. 28 U.S.C. § 2254(b); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (habeas statute requires that petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed"); Nettles v. Grounds, ___ F.3d ___, 2015 WL 3406160 at *7 (9th Cir. May 28, 2015) (federal habeas relief available "only if success on the claim would necessarily spell speedier release from custody") (quotation omitted); see also Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (immigration detainee's habeas petition under 28 U.S.C. § 2241 is moot when detainee released from custody, deported from United States, and there are no "collateral consequences that are redressable by success on his original petition").

Moreover, state prisoners are generally required to exhaust (that is, present) their claims to the state's highest court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982). On habeas review, the Court can only consider a claim for which the state courts issued a decision that was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

The petition fails to satisfy either the "in custody" or exhaustion requirements of federal law. From the face of the petition and supporting materials, it is clear that Petitioner is no longer in custody as a result of a state court judgment. As such, Petitioner's habeas claim is moot as he cannot benefit from relief from this Court. Maleng, 490 U.S. at 490-91. Further, the petition fails to state that Petitioner properly exhausted a constitutional claim for relief in state court. As a result, there is no decision of the state's highest court for this federal court to review. Rose, 455 U.S. 509; 28 U.S.C. § 2254(d)(1).

1  Finally, Petitioner did not respond to the Court's order that he explain the
2  obvious defects with his petition.  Mail sent to Petitioner's various addresses has
3  been returned as undeliverable.  Dismissal of the action under Federal Rule of
4  Civil Procedure 41 based on Petitioner's failure to prosecute the action is
5  appropriate.  The Court and the Attorney General have a clear interest in
6  terminating this action.  Furthermore, because Plaintiff is a pro se litigant who has
7  not abided by the Court's order or provided a legitimate mailing address as
8  required by Local Rule 41-6, no sanction short of dismissal will be effective in
9  moving this case forward.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir.
10  2010) (factors relevant to Rule 41 dismissal); Carey v. King, 856 F.2d 1439, 1440
11  (9th Cir. 1988) (same).
12  For the reasons set forth above, the action is therefore DISMISSED without
13  prejudice.
14  IT IS SO ORDERED.

Dated: 7/20/15

HON. GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE